UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>     v.<br><br>VIRGINIA PARTNERS BANK, JOHN A. JANNEY, LLOYD B. HARRISON, III, WALLACE N. KING, SR., MONA D. ALBERTINE, LEWIS W. GRAVES, SR., LUCY G. HARMAN, KENNETH R. LEHMAN, STEVEN R. MOTE, GEORGE P. SNEAD, WILLIAM J. VAKOS, III, and DELMAR BANCORP,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:19-cv-395<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  This action stems from a proposed transaction announced on December 13, 2018 (the "Proposed Transaction"), pursuant to which Virginia Partners Bank ("Partners" or the "Company") will be acquired by Delmar Bancorp ("Delmar").

2.  On December 13, 2018, Partners' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Delmar. Pursuant to the terms of the Merger Agreement, shareholders of

Partners will receive 1.7179 shares of Delmar common stock for each share of Partners common stock they own.

3. On May 10, 2019, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District. Divisional venue is proper under Local Civil Rule 3(C) because defendant Partners maintains its principal office in Fredericksburg, Virginia and because a substantial portion of the events giving rise to this action occurred within this Division.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Partners common stock.

9. Defendant Partners is a Virginia chartered bank and maintains its principal executive offices at 410 William Street, Fredericksburg, Virginia 22401. Partners' common stock is traded on the OTCQX under the ticker symbol "PTRS."

10. Defendant John A. Janney is a director of the Company.

11. Defendant Lloyd B. Harrison, III is President, Chief Executive Officer, and a director of the Company.

12. Defendant Wallace N. King, Sr. is a director of the Company.

13. Defendant Mona D. Albertine is a director of the Company.

14. Defendant Lewis W. Graves, Sr. is a director of the Company.

15. Defendant Lucy G. Harman is a director of the Company.

16. Defendant Kenneth R. Lehman ("Lehman") is a director of the Company. Lehman is also a director of Delmar.

17. Defendant Steven R. Mote is a director of the Company.

18. Defendant George P. Snead is a director of the Company.

19. Defendant William J. Vakos, III is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Delmar is a Maryland corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Partners (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.     This action is properly maintainable as a class action.

24.     The Class is so numerous that joinder of all members is impracticable.  As of December 31, 2018, there were approximately 4,085,181 shares of Partners common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the

adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

29. Partners was organized in 2008 and maintains three full service offices in Fredericksburg, Virginia, a branch in La Plata, Maryland, and a loan production office in Annapolis, Maryland, operating under the name Maryland Partners Bank.

30. On December 13, 2018, Partners' Board caused the Company to enter into the Merger Agreement with Delmar.

31. Pursuant to the terms of the Merger Agreement, shareholders of Partners will receive 1.7179 shares of Delmar common stock for each share of Partners stock they own.

32. According to the press release announcing the Proposed Transaction:

Delmar Bancorp, Salisbury, Maryland ("Delmar") (OTCQX: DBCP), the parent company of The Bank of Delmarva, Seaford, Delaware ("Delmarva"), and Virginia Partners Bank, Fredericksburg, Virginia ("Partners") (OTCQX: PTRS) announced today that they have entered into a definitive agreement (the "Agreement") pursuant to which Partners will become a separate wholly owned subsidiary of Delmar through an exchange of shares, in an all stock transaction.

Under the Agreement, each share of Partners common stock will be exchanged for 1.7179 shares of Delmar common stock. Options and warrants to acquire Partners common stock will be assumed by Delmar and converted into options and warrants to acquire shares of Delmar common stock.

The transaction will create a partnership between Delmarva and Partners. Each bank will continue to operate as independent subsidiaries of Delmar. The banks will maintain their existing names, executive management teams, and boards of directors. The consolidated holding company will have, on a pro forma basis at

September 30, 2018, approximately $1.2 billion of assets, $947.7 million in loans and $966.6 million in deposits, and a franchise that serves the attractive Mid-Atlantic and Southeastern markets, extending from Philadelphia, Pennsylvania to Salisbury, Maryland, and Fredericksburg and Newport News, Virginia. The strategic partnership will allow each bank to leverage the strength of its local community banking franchise and expand the breadth of products and services offered to its existing customer base. Additionally, the creation of a $1.2 billion asset bank holding company provides significant opportunities for both banks to expand their customer base and lending and to better address community banking needs in their current and contiguous markets.

At September 30, 2018, Partners had approximately $420.1 million in assets, $325.1 million in loans and $344.5 million in deposits. Partners currently has three branches in Fredericksburg, Virginia, and trading under the name Maryland Partners Bank, a branch in La Plata, Maryland and a loan production office in Annapolis, Maryland. Partners is also a 51% owner of Johnson Mortgage Company, LLC, located in Newport News, Virginia.

At September 30, 2018, Delmar had approximately $737.9 million in assets, $622.5 million in loans and $622.0 million in deposits. Delmarva currently has eleven branches located in Wicomico and Worcester Counties, Maryland and Sussex County, Delaware, three branches in the South Jersey/Philadelphia metro market doing business under the name of Liberty Bell Bank, and a loan production office in Rehoboth Beach, Delaware.

Based on the closing price of Delmar common stock on December 12, 2018 of $7.80 per share, the transaction would have a value of $13.40 per share of Partners common stock, and an aggregate value of approximately $55.1 million, or approximately 135% of Partners' tangible common equity as of September 30, 2018. Holders of Partners common stock would own an aggregate of approximately 44% of the outstanding shares of Delmar following completion of the share exchange (including shares subject to a warrant to purchase 450,000 shares of Partners common stock at an exercise price of $12.75 per share, which will be exercised for shares of Delmar common stock following completion of the share exchange). Delmar expects that the transaction will be accretive to Delmar's earnings during the first full year following the closing of the transaction, and will result in modest dilution to tangible book value, which is expected to be earned back in less than three years. Delmar expects to achieve approximately 21% in cost savings, of which 25% will be realized in 2019, and 100% in 2020.

Kenneth R. Lehman currently serves on the Board of Directors of both Partners and Delmar. Following the completion of the transaction, Board of Directors of Delmar will consist of five current members of the Delmar Board of Directors, four current members of the Partners Board of Directors and Mr. Lehman.

>The transaction is expected to close in the second quarter of 2019. The Agreement has been unanimously approved by the boards of directors of both Delmar and Partners and is subject to approval by the shareholders of Partners, the approval of the applicable bank regulatory authorities, and the satisfaction or waiver of the conditions to closing and covenants of each party contained in the Agreement. . . .
>
>Following consummation of the transaction, Mr. Breda will continue as President and CEO of Delmarva, and as President and Chief Operating Officer of Delmar. . . .
>
>Following consummation of the transaction, Mr. Harrison will continue to serve as President and CEO of Partners, and as Chief Executive Officer of Delmar.
>
>Partners was advised by Sandler O'Neill & Partners, L.P. as financial advisor, and Troutman Sanders LLP as legal counsel. FIG Partners, LLC. served as financial advisor, and Buckley Sandler LLP served as legal counsel, to Delmar.

*The Registration Statement Omits Material Information*

33.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34.    As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

35.    The Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Sandler O'Neill & Partners, L.P. ("Sandler").

36.    With respect to Sandler's Comparable Company Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Sandler in the analyses.

37.    With respect to Sandler's Analysis of Precedent Transactions, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by Sandler in the analysis.

7

38. With respect to Sandler's Net Present Value Analysis of Partners, the Registration Statement fails to disclose: (i) the terminal values of Partners; (ii) Sandler's basis for applying price to 2022 earnings multiples ranging from 10.5x to 18.0x and multiples of December 31, 2022 tangible book value ranging from 100% to 150%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 15.0%.

39. With respect to Sandler's Net Present Value Analysis of Delmar, the Registration Statement fails to disclose: (i) the terminal values of Delmar; (ii) Sandler's basis for applying price to 2022 earnings multiples ranging from 9.5x to 17.0x and multiples of December 31, 2022 tangible book value ranging from 110% to 160%; and (iii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 15.0%.

40. With respect to Sandler's Pro Forma Transaction Analysis, the Registration Statement fails to disclose: (i) the assumptions relating to transaction expenses, purchase accounting adjustments, and cost savings used by Sandler in the analysis; (ii) the extent to which the Proposed Transaction could be accretive to Delmar's estimated earnings per share in the years ending December 31, 2020 through December 31, 2022; and (iii) the extent to which the Proposed Transaction could be dilutive to Delmar's estimated tangible book value per share at close and at December 31, 2019, December 31, 2020, and December 31, 2021, and accretive in the year ending December 31, 2022.

41. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42. The Registration Statement also omits material information regarding potential conflicts of interest of Sandler.

43. The Registration Statement fails to disclose the amount of compensation Sandler received for the past services it provided to the Company, including acting as financial advisor to Partners in connection with Partners' offer and sale of common stock.

44. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

45. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Share Exchange; (ii) Recommendation of the Partners Board of Directors; and (iii) Opinion of Partners' Financial Advisor.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Partners

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Partners is liable as the issuer of these statements.

49. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual

Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

50. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

52. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Delmar

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants and Delmar acted as controlling persons of Partners within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Partners and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57. Each of the Individual Defendants and Delmar was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

59. Delmar also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

60. By virtue of the foregoing, the Individual Defendants and Delmar violated Section 20(a) of the 1934 Act.

61. As set forth above, the Individual Defendants and Delmar had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: May 28, 2019

**PAUL PARSHALL**
**Individually and On Behalf of All Others Similarly Situated**

By: */s/ David G. Browne*

David G. Browne (VSB No. 65306)
SPIRO & BROWNE, PLC
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Telephone: (804) 573-9220
Facsimile: (804) 836-1855
Email: dbrowne@sblawva.com

- and –

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, Delaware 19801
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, Pennsylvania 19312
(484) 324-6800